**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| **MIRTHA CLAROS-ALMENDRAS**, | * |
| Plaintiff | * |
| v. | *   Case No.: **RWT-05-1736** |
| **SEVEN LOCKS BAIL BONDS, INC., et al.** | * |
| Defendants. | * |

**MEMORANDUM OPINION**

On June 27, 2005, Plaintiff Mirtha Claros-Almendras filed a three-count complaint against Defendants Seven Locks Bail Bonds, Inc. ("Seven Locks") and Theodore N. Pantazes ("Pantazes"). Seven Locks filed a timely answer on July 26, 2005, on which date Defendant Pantazes filed a Motion to Dismiss. Defendant Pantazes withdrew his Motion to Dismiss on December 13, 2005 and on December 23 filed an Answer and Counterclaim against Plaintiff. Contemporaneous with the filing of Pantazes' Answer and Counterclaim, Seven Locks filed a Motion for Leave to File a Counterclaim [Paper No. 13], which is now before this Court.

Pursuant to Federal Rule of Civil Procedure 15, leave to amend "shall be freely given when justice so requires." Motions to amend "are to be liberally granted in the absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility." Classen Immunotherapies, Inc. v. King Pharmaceuticals, Inc., 403 F. Supp. 2d 451, 458 (D. Md. 2005). In the case at bar, Seven Locks contends that subsequent to the filing of its answer, it initiated a review of documents relating to Plaintiff's claims, and in this review uncovered evidence supporting the counterclaims it now seeks

leave to file. Having reviewed the papers filed by Plaintiff and Seven Locks, the Court finds that good causes exists to permit Seven Locks' late filing of the proposed counterclaims. No prejudice will result to Plaintiff in light of the fact that discovery has not commenced and this Court has not yet issued a scheduling order.

In granting Defendant Seven Locks' Motion for Leave to File a Counterclaim, the Court does not reach the substantive arguments advanced in Plaintiff's opposition, namely, that the Court does not have jurisdiction over the counterclaims and that the counterclaims constitute illegal retaliation under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. These arguments mirror those set forth in Plaintiff's Motion to Dismiss Defendant Pantazes' Counterclaim [Paper No. 16], which has been fully briefed and is scheduled for oral argument on April 10, 2006. Accordingly, the Plaintiff's opposition to Seven Locks' Motion for Leave to File a Counterclaim [Paper No. 15] will be treated as a motion to dismiss Seven Locks' counterclaim, the leave for filing of which will be granted by separate order. The Court will hear Plaintiff's oral argument seeking dismissal of the counterclaims of Defendants Seven Locks and Pantazes, and the Defendants' opposition thereto, on April 10, 2006.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE